**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

CARLOS LOPEZ,

        Defendant - Appellant.

No. 12-3227
(D.C. Nos. 2:06-CR-20183-JWL-1 and
2:12-CV-02099-JWL)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Carlos Lopez seeks to appeal from the denial of his motion for post-conviction

relief under 28 U.S.C. § 2255.  Unable to identify any non-frivolous grounds for appeal,

Lopez's counsel filed an *Anders* brief and sought leave to withdraw.  *See Anders v.*

*California*, 386 U.S. 738 (1967).[1]  Because Lopez has not made "a substantial showing of

---

[1] *Anders* holds "if counsel finds [his client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."  386 U.S. at 744.  Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The client may then "raise any points he chooses." *Id.*  Thereafter, the court must examine all the proceedings to determine the frivolity of the appeal.  "If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . . [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability (COA), grant counsel's motion to withdraw, and dismiss.

## I.    BACKGROUND

A jury convicted Lopez on two counts related to the possession and distribution of methamphetamine.[2]  The judge sentenced him to imprisonment for 360 months.  We affirmed his conviction on direct appeal.  *United States v. Lopez*, 382 F. App'x 680, 681 (10th Cir. 2010) (unpublished), *cert. denied*, 131 S. Ct. 1519 (2011).

Lopez, acting pro se, then filed a timely 28 U.S.C. § 2255 motion alleging ineffective assistance of his trial counsel, Michael Harris.  In particular, it alleged Harris failed to:

(1)    "adequately advise Lopez with respect to his decision to negotiate a plea and plead guilty or risk a jury trial";

(2)    "advis[e] Lopez of the expediency in pursuing plea negotiations" or "plea offers";

(3)    "address[] and resolv[e] communication problems" with Lopez, particularly as Lopez was fluent in Spanish but not English;

(4)    "adequately review, explain and be sure Lopez understood the nature of charges against him and the evidence/discovery material related to the case";

(5)    "object, or otherwise preserve for appellate review the testimony . . . of an unauthorized expert . . . proffered without notice";

(6)    "adequately advise Lopez with respect to [his] decision to testify" or "properly prepare [him] to take the stand";

(7)    prevent "the plea agreement of [a] cooperating witness [from being] introduced into the record";

---

[2] Lopez was indicted and convicted on one count of conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine and one count of possessing 500 grams or more of methamphetamine with intent to distribute.

(8) "effectively represent Lopez during sentencing proceedings by presenting

evidence and arguments in support of objections and/or grounds for mitigation."

(R. Vol. I at 379-89 (capitalization modified).) The motion also alleged the cumulative

effect of these failures (combined with a smattering of other alleged failures) constituted

ineffective assistance of counsel.

The district judge appointed new counsel to represent Lopez in conjunction with

his § 2255 motion and scheduled an evidentiary hearing. At the hearing, both the

government and Lopez questioned Harris about his representation of Lopez. Harris

testified to using a Spanish-language interpreter to carefully explain the charges, the

available plea options, the adverse evidence, the sentencing consequences of proceeding

to trial, and the trial strategy options to Lopez. Harris said he had advised Lopez to plead

guilty because of the strength of the prosecution's case, but Lopez steadfastly rejected

this option.

In a detailed order, the judge denied the § 2255 motion.[3] Crediting Harris's

testimony over Lopez's account, the judge concluded Lopez had failed to demonstrate his

trial counsel was ineffective.[4] *See Strickland v. Washington*, 466 U.S. 668, 687-88

(1984). Harris had adequately advised Lopez throughout the proceedings and had made

sound tactical decisions at trial.

Through counsel, Lopez filed a notice of appeal seeking review of the denial of his

§ 2255 motion. After his attorney filed an *Anders* brief, we invited Lopez to respond to

---

[3] He also denied Lopez's request for a COA.

[4] At the evidentiary hearing, Lopez abandoned the argument that Harris was ineffective for failing to adequately prepare him to testify.

- 3 -

the *Anders* brief and to "raise any points to show why [his] conviction should be set aside." (Order of Dec. 17, 2012.) No response was filed.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to our review of a denial of a motion for post-conviction relief under 28 U.S.C. § 2255. 28 U.S.C. § 2253(a), (c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant makes this showing by demonstrating the proper resolution of the constitutional issue is debatable among reasonable jurists or by presenting an argument deserving "encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). To make this determination, we undertake a preliminary, though not definitive, legal analysis of the applicant's claims. *See Miller–El*, 537 U.S. at 338.

Here, however, Lopez has failed to make this showing. Indeed, he has identified no weaknesses in the judge's factual findings or application of the law. After carefully reviewing the transcript of the evidentiary hearing and counsel's *Anders* brief, we see nothing debatable about the decision or any argument deserving encouragement to proceed further.

We DENY Lopez's request for a COA, GRANT counsel's motion to withdraw, and DISMISS this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 4 -